Citation Nr: 1527861 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 10-31 958 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUE

Entitlement to service connection for a neck disability.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

R. Connally, Associate Counsel







INTRODUCTION

The Veteran, who is the appellant in this case, had service from August 1989 to August 1992.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an October 2009 decision of the Regional Office (RO) in Oakland, California. 

The Board previously considered this appeal in September 2014, and remanded this issue for further development and to schedule a VA examination. That development was completed, and the case returned to the Board for further appellate review.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Unfortunately, the Veteran's claim must be remanded for further development. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration.

The Veteran's case was last remanded in order to obtain additional treatment records and schedule the Veteran for a VA examination. The Board advised the examiner that the Veteran is competent to report symptoms and injuries, as well as diagnoses provided to him by physicians. The examiner was instructed to provide a reason for discounting the Veteran's reported history, and that the Veteran's statements may not be discounted solely on the basis of the lack of confirmation in the medical records. Unfortunately, the Board finds that the examiner did not fulfill these instructions. As a result, the Board does not find substantial compliance with its previous remand instructions, and may not properly continue with a decision. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (noting the Board's duty to "insure [the RO's] compliance" with the terms of its remand orders).

Accordingly, the case is REMANDED for the following action:

1. Return the Veteran's claims file to the VA examiner from January 2015 (or another medical professional if she is no longer available) in order to obtain an addendum opinion. The examiner should provide an opinion as to the following:

a) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran's neck injury that he experienced during service is etiologically related to his current neck or cervical spine disability.

The examiner should provide a rationale for all opinions expressed. The examiner is advised that the Veteran is competent to report symptoms and injuries, as well as diagnoses provided to him by physicians. If the Veteran's reported history is discounted, the examiner should provide a reason for doing so. A veteran's statements may not be discounted solely on the basis of the lack of confirmation in the medical records.

If an opinion cannot be expressed without resort to speculation, please discuss why such is the case. In this regard, indicate whether the inability to provide a definitive opinion is due to a need for further information or because the limits of medical knowledge have been exhausted regarding the etiology of the disability at issue or because of some other reason.

2. After completing the above, and any other development deemed necessary, readjudicate the issue on appeal. If the decision remains adverse to the Veteran, issue a supplemental statement of the case and allow the applicable time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHELLE KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).